I respectfully dissent from the majority decision to reverse Deputy Commissioner Phillip Holmes' Opinion and Award in the instant matter on the grounds that there is not sufficient medical evidence that plaintiff's non-Hodgkin's lymphoma is an occupational disease.
There are three elements which a claimant must prove for a disease to be an occupational disease under N.C. General Statute § 97-53: (1) the disease must be characteristic of persons engaged in the particular trade; (2) the disease must not be an ordinary disease of life to which the public is equally exposed; and (3) there must be a causal connection between the disease and the employment. Booker v. Duke Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979). The first two elements are satisfied if the claimant proves his employment exposed him to a greater risk of contracting the disease than the general public.Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359
(1983).
The decision in this matter depends upon evaluating the qualifications of both experts and the merits of their arguments. Neither expert examined the claimant. The majority relies upon the plaintiff's expert, Selina Bendix, Ph.D., who testified that fighting fires exposes firefighters to elements which increase the likelihood of contracting non-Hodgkin's lymphoma, and that Kyle Beaver's occupational exposure either caused or substantially contributed to his lymphoma. Ms. Bendix is a zoologist and toxicologist and while she has testified as an expert in 36 cases involving firefighters and cancers, she has not conducted original research or participated in the treatment of cancer patients in any regard. In addition, her testimony is not supported by the studies introduced. In fact, of the 25 studies introduced, only 11 focus on firefighters, and of those, only two found more than the expected number of lymphomas among firefighters, and even the numbers from these two studies were not statistically significantly higher. Thus, the firefighter occupational studies fail to show a significant increase in risk of non-Hodgkin's lymphoma or even a non-statistically significantly higher number of non-Hodgkin's lymphoma than the public at large.
Further, Ms. Bendix's testimony is contradicted by medical experts in an analysis done by the National Cancer Institute of Canada. The study, conducted independently and without an eye to litigation, studied pooled available data and concluded that "no association exists between the occupation of firefighting and the risk of overall cancer mortality." Also, the only medical doctor who testified in this matter, Dr. Melvin Reed, testified that there was no connection between the claimant's lymphoma and his occupation as a firefighter, that firefighting does not increase the risk of contracting non-Hodgkin's lymphoma, and that this disease is an ordinary disease of life to which the public is exposed. Yearly, over 20,000 cases of non-Hodgkin's lymphoma are diagnosed.
With regard to causation, Dr. Reed has worked exclusively in fighting cancer for almost 40 years, has treated hundreds of patients suffering from non-Hodgkin's lymphoma, and is in a much better position than Ms. Bendix, a non-medical expert, to determine causation in this matter. In fact, the testimony of Ms. Bendix invades the field of medical causation which is reserved for medical doctors in the State of North Carolina. Martinv. Benson Electric, Inc., ___ N.C. App. ___, ___ S.E.2d ___ (1997).
Therefore, plaintiff has not satisfactorily carried the burden of proving increased risk or causation. For the foregoing reasons, I respectfully dissent.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER